

# MEMORANDUM OPINION

No. 04-07-00731-CR

Gabriel Riojas **BERNAL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 38th Judicial District Court, Medina County, Texas
Trial Court No. 03-12-9069-CR
Honorable Mark Luitjen, Judge Presiding[1]

Opinion by:     Alma L. López, Chief Justice

Sitting:        Alma L. López, Chief Justice
                Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice

Delivered and Filed: July 9, 2008

AFFIRMED

Gabriel Riojas Bernal pled guilty to murder and was sentenced to life in prison. On appeal,

Bernal challenges the trial court's denial of his motion to set aside the indictment because the State

failed to afford him a speedy trial. We affirm the trial court's judgment.

---

[1] The Honorable Mickey R. Pennington presided over the hearing on the motion to set aside the indictment and denied the motion. The Honorable Mark Luitjen presided over the plea proceeding and signed the judgment.

## BACKGROUND

Bernal was arrested for capital murder on July 29, 2003. On November 6, 2003, Bernal filed an application for writ of habeas corpus seeking release because of delay and for lack of probable cause. Bernal was indicted on December 19, 2003. The only issue presented at the hearing on Bernal's application for habeas corpus was a request for a bond reduction. The trial court granted this request and reduced Bernal's bond.

On August 5, 2005, Bernal filed a second application for writ of habeas corpus requesting that he be released on personal bond or have his bail reduced. A hearing was held on the application, and Bernal's bond was again reduced.

On May 17, 2007, Bernal filed a motion requesting a continuance due to conflicts in his attorney's schedule. On June 5, 2007, Bernal filed a second motion for continuance again based on the unavailability of defense counsel. On June 14, 2007, Bernal filed a motion to set aside the indictment based on the State's failure to afford Bernal a speedy trial. The trial court denied the motion at a pre-trial hearing on June 20, 2007. On August 21, 2007, Bernal pled guilty to the offense of murder and was sentenced to life in prison in accordance with a plea bargain agreement.

## DISCUSSION

"In determining whether a criminal defendant has been denied his federal or state constitutional right to a speedy trial, a court must use a balancing test in which the conduct of both the State and the defendant are weighed." *Shaw v. State*, 117 S.W.3d 883, 888 (Tex. Crim. App. 2003). The factors to be weighed in the balance include, but are not necessarily limited to: (1) the length of the delay; (2) reasons for the delay; (3) the defendant's assertion of his speedy trial right; and (4) the prejudice to the defendant resulting from the delay. *Id.* at 888-89. In conducting a

speedy trial analysis, we review legal issues *de novo* but give deference to a trial court's resolution of factual issues. *Kelly v. State*, 163 S.W.3d 722, 726 (Tex. Crim. App. 2005). In addition to deferring to the trial court's resolution of disputed facts, we also defer to the trial court's drawing of reasonable inferences from the facts because the trial judge's personal knowledge of the parties and the sequence of events place him in a better position to draw inferences than an appellate court without such familiarity. *Id*.

1.    *Length of Delay*

The first factor, the length of the delay, is measured from the time the defendant is arrested or formally accused. *Shaw*, 117 S.W.3d at 889. In general, delay approaching one year is sufficient to trigger a speedy trial inquiry. *Id*. In this case, Bernal was arrested in July of 2003 and his pre-trial hearing was not held until June of 2007, a delay of 48 months. This delay is sufficient to trigger a speedy trial inquiry, and this factor weighs heavily in favor of finding a violation of Bernal's right to a speedy trial. *See id*.

2.    *Reason for the Delay*

The State bears the initial burden of justifying the delay. *Marquez v. State*, 165 S.W.3d 741, 748 (Tex. App.—San Antonio 2005, pet. ref'd). In assessing the reasons the State offers to justify the delay, different weights must be assigned to different reasons. *Shaw*, 117 S.W.3d at 889. A deliberate attempt to delay a trial is weighed heavily against the State, while more neutral reasons, such as negligence or overcrowded dockets, are weighed less heavily. *Marquez*, 165 S.W.3d at 748. If the record is silent regarding the reason for the delay, we presume neither a deliberate attempt by the State to prejudice the defense, nor a valid reason for the delay. *Id*.

The clerk's record in this case does not contain much information regarding the reason for the delay until the continuances were sought in May and June of 2007. At the hearing, however, the State explained:

> As the court knows this is a four defendant capital case. It has preceded [sic] at the court's direction. And I'm sorry I don't recall the other man's name, but it was a capital murder trial here sometime back. It was concluded here in this county. There was a discussion about these being set after that. Mr. Bernal is the first of four. We have delayed this case several times since last year at defense counsel's request or a lack of setting.

As previously noted, the trial court is permitted to draw inferences from the facts and to rely on his personal knowledge of the parties and the sequence of events. *Kelly*, 163 S.W.3d at 726-27. Although no testimony may be presented with regard to plea negotiations, the trial court may infer they existed from the circumstances. *Id*.

The State's reference to discussions regarding the trial being set after another capital murder trial permitted the trial court to infer that an agreement existed at some point to delay the trial setting. The trial court could have inferred that such an agreement was a strategy being used in plea negotiations. The trial court also could have considered that a capital murder charge involving four defendants required additional time to prepare for trial. Because the ultimate responsibility for a 48 month delay must rest with the State, this factor likely weighs somewhat against the State, but not very heavily. *Marquez*, 165 S.W.3d at 748-49.

3.      *Assertion of the Right*

A defendant is responsible for asserting or demanding his right to a speedy trial. *Marquez*, 165 S.W.3d at 749. Failure to seek a speedy trial makes it difficult for a defendant to prevail on a speedy trial claim. *Shaw*, 117 S.W.3d at 890. "This is so because a defendant's failure to make a timely demand for a speedy trial indicates strongly that he did not really want one and that he was

not prejudiced by not having one." *Id*. "Furthermore, the longer the delay [lasts], the more likely it is that a defendant who really wanted a speedy trial would take some action to obtain one." *Id*. Thus, a defendant's inaction weighs more heavily against a violation the longer the delay. *Id*. Finally, a defendant who seeks a dismissal as opposed to a speedy trial attenuates the strength of his speedy trial claim. *Id*. In this case, although Bernal twice sought a reduction in bond, he never asserted his right to a speedy trial and only sought dismissal of the indictment 48 months after his arrest and on the eve of his trial setting. This factor weighs heavily against finding a violation of Bernal's right to a speedy trial. *See id.*

4.      *Prejudice to the Defendant Resulting from the Delay*

Prejudice to the defendant is assessed in light of the interests which the speedy trial right was intended to protect: (1) preventing oppressive incarceration; (2) minimizing the anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired. *Shaw*, 117 S.W.3d at 890; *Marquez*, 165 S.W.3d at 749. The defendant has the burden to make some showing of prejudice. *Marquez*, 165 S.W.3d at 749. To show his defense was impaired based on the unavailability of defense witnesses, the defendant must show witnesses were unavailable, their testimony would have been relevant, and he used due diligence to locate the witnesses. *Id*. at 750. To show prejudice based on the dimming memories of the State's witnesses, the defendant must show that the lapses of memory are in some way significant to the outcome of the case. *Id*. Although an excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or even identify, this presumption is extenuated by the defendant's acquiescence in the delay. *Shaw*, 117 S.W.3d at 890.

Although Bernal testified that the accusation against him had caused him substantial anxiety and concern and Bernal had been incarcerated for 48 months, Bernal made no showing that his defense would be impaired by the delay. Moreover, Bernal's acquiescence in the delay extenuates any presumed prejudice. *See id.* Therefore, although Bernal presented some evidence that the delay caused him some anxiety, any prejudice Bernal suffered as a result of the delay was minimal, and this factor weighs against him. *See Marquez*, 165 S.W.3d at 750.

5.      *Balancing the Factors*

Although the excessive delay weighs heavily in favor of finding a violation, Bernal's failure to assert his right weighs heavily against such a finding as does his request for a dismissal as opposed to a speedy trial. Furthermore, the record provides some evidence of a reason for the delay so this factor does not weigh heavily in favor of a violation. Finally, although Bernal testified that he was anxious, he presented no evidence that his defense was impaired. Therefore, balancing all of the factors, the trial court did not err in denying Bernal's motion.

## Conclusion

The trial court's judgment is affirmed.

Alma L. López, Chief Justice

DO NOT PUBLISH